UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CURTIS BENTLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>AFNI, INC.,<br><br>   Defendant. | Case No.: 17-cv-280<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Curtis Bentley is an individual who resides in the Eastern District of Wisconsin (Ozaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a DIRECTV television service debt.

5. Defendant Afni, Inc. ("Afni") is a debt collection agency with its principal place of business located at 404 Brock Dr., Bloomington, IL 61701.

6. Afni is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

7. Afni is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about September 16, 2016, Afni mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "DIRECTV" A copy of this letter is attached as <u>Exhibit A</u>.

9. Upon information and belief, <u>Exhibit A</u> was the first letter Afni sent Plaintiff regarding the alleged debt to which the letter refers.

10. <u>Exhibit A</u> states that it is a "Second Notice," but was, in fact, the first notice sent by Afni to Plaintiff regarding the alleged debt to which the letter refers.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Afni to attempt to collect alleged debts.

13. <u>Exhibit A</u> does not include the 15 U.S.C. § 1692g(a) notice, which requires:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

2

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14. On or about October 14, 2016, Afni mailed a second debt collection letter to Plaintiff regarding the same alleged debt owed to "DIRECTV" A copy of this letter is attached as Exhibit B.

15. Upon information and belief, Exhibit B was the second letter Afni sent Plaintiff regarding the alleged debt to which the letter refers.

16. Exhibit B, like Exhibit A, states that it is a "Second Notice."

17. Exhibit B also does not include the 15 U.S.C. § 1692g(a) notice.

18. Plaintiff did not receive any other written communications from Afni containing the 15 U.S.C. § 1692g(a) notice, either before or after Exhibit A.

19. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C. § 1692g(a). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

20. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Afni's misrepresentation is a material false statement.

21. The unsophisticated consumer would be confused by receiving two debt collection letters seeking the same debt when both letters were designated "Second Notice."

22. Moreover, Afni's failure to provide the debt validation notice with <u>Exhibit A</u> is misleading.

23. The debt validation notice informs consumers of their rights under 15 U.S.C. § 1692g(b), which states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

24. Failing to provide the validation notice interferes with the 30-day period in which the consumer has the right to temporarily stop collection activities. *See* 15 U.S.C. § 1692g(b).

25. The unsophisticated consumer would not be aware that he had rights he could invoke under 15 U.S.C. § 1692g(a),(b) and would be forced to forego those rights.

26. Alternatively, even if the unsophisticated consumer was somehow aware of his debt validation rights under 15 U.S.C. § 1692g, receiving a "Second Notice" instead of a first notice would lead him to believe that the 30 day validation period had already expired.

27. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

28. The unsophisticated consumer would be confused by <u>Exhibits A and B</u>.

4

29. Plaintiff was confused by Exhibits A and B.

30. Plaintiff had to spend time and money investigating Exhibits A and B, and the consequences of any potential responses to Exhibits A and B.

31. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A and B.

32. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

5

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

### **COUNT I – FDCPA**

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. Afni failed to provide to Plaintiff the required notice pursuant to 15 U.S.C. § 1692g(a).

36. Afni has thus failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

37. Failure to provide the 15 U.S.C. § 1692g(a) notice is also a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38. Defendant violated 15 U.S.C. §§ 1692g(a) and 1692e(10).

### **COUNT II – FDCPA**

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. Exhibit A and Exhibit B seek to collect the same account, but falsely state that they are both the "Second Notice," even though they are dated almost a month apart.

41. Exhibit A and Exhibit B together are confusing, deceptive, and/or misleading to the unsophisticated consumer.

42. Afni's misrepresentation is material, as it would mislead the unsophisticated consumer into believing that the 30 day validation period was over upon receiving Exhibit A.

43. Afni violated 15 U.S.C. §§ 1692e and 1692e(10).

## **CLASS ALLEGATIONS**

44. Plaintiff brings this action on behalf of two Classes.

45. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or household purposes, (d) between February 27, 2016 and February 27, 2017, inclusive, (e) that was not returned by the postal service.

46. Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent collection letters in the forms represented by Exhibit A and Exhibit B to the complaint in this action (c) seeking to collect the same alleged debt, (d) allegedly incurred for personal, family or household purposes, (e) between February 27, 2016 and February 27, 2017, inclusive, (f) that was not returned by the postal service.

47. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

48. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A or B violate the FDCPA.

49. The identities of all class members are readily ascertainable from Defendant's records.

50. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 27, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com